# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: J.R.

No. 17-0119 (Ohio County 16-CJA-32)

FILED

**September 5, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother A.R.,[1] by counsel Michael B. Baum, appeals the Circuit Court of Ohio County's January 12, 2017, order terminating her parental rights to then two-year-old J.R.[2] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Gerasimos Sklavounakis, filed a response on behalf of J.R. also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred (1) in terminating her improvement period and (2) in terminating her parental rights to J.R.[3]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2016, the DHHR filed an abuse and neglect petition against petitioner alleging that her substance abuse resulted in J.R.'s abuse and neglect. The DHHR further alleged

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We note that petitioner's brief fails to follow Rule 11(i) of the West Virginia Rules of Appellate Procedure regarding the current status and permanency plans of the child and the current status of the parental rights of all the child's parents. This information is of the utmost importance to this Court. While we decline to employ its use in this matter, we caution petitioner's counsel that the Rules of Appellate Procedure provide for the imposition of sanctions where a party's brief does not comport with the Rules.

[3]Petitioner presents these arguments as a single assignment of error. As they are distinct grounds, we analyze them separately in this memorandum decision.

1

that petitioner had a criminal history and that she had previously relinquished her parental rights to an older child in 2011.

In April of 2016, the circuit court held an adjudicatory hearing. At that hearing, petitioner stipulated to J.R.'s abuse and neglect, as alleged in the petition. She also claimed that she had received therapy from Washington Health Systems and Suboxone from a facility called New Life. The circuit court found that petitioner abused and neglected J.R. In August of 2016, the circuit court granted petitioner's motion for a post-adjudicatory improvement period.

In September of 2016, the DHHR filed a motion to terminate petitioner's improvement period based on positive drugs screens for methamphetamine and Suboxone; missed drug screens; and dishonesty in her medical history when it was discovered that she had no record with Washington Health Systems.

In October of 2016, the circuit court held a hearing on the DHHR's motion to terminate petitioner's improvement period. At that hearing, the DHHR worker testified that petitioner missed or failed all of her drug screens, including positive screens for amphetamine and other controlled substances. Further, contrary to her claims, petitioner's medical records revealed that she did not have a valid prescription for Suboxone. The circuit court terminated petitioner's improvement period and scheduled a dispositional hearing.

In November of 2016, the circuit court held a dispositional hearing. At that hearing, the DHHR worker testified that petitioner failed to submit to drug screens; had tested positive for controlled substances; and had not provided the DHHR with a copy of her work schedule, despite citing work-related issues as the cause for her non-compliance with drug screens. For those reasons, the DHHR recommended terminating petitioner's parental rights to J.R. Petitioner testified that she had not contacted the DHHR since her improvement period ended, but she maintained that she was receiving therapy from Washington Health Systems. However, when petitioner's counsel, at the circuit court's behest, contacted the medical records department of Washington Health Systems in open court, the department confirmed that petitioner had not received therapy at any of their facilities. At the conclusion of the hearing, the circuit court terminated petitioner's parental rights to J.R.[4] This appeal followed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a

---

[4]Petitioner's parental rights to J.R. were terminated below. According to the guardian and the DHHR, the parental rights of J.R.'s father were terminated in 2016. Petitioner previously relinquished her parental rights to an older child, and both children (J.R. and J.R.'s older sibling) currently reside together in the same foster home. The permanency plan for J.R. is adoption into that foster home.

reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first argues that the circuit court erred in terminating her post-adjudicatory improvement period. With regard to the termination of improvement periods, West Virginia Code § 49-4-610 provides that a circuit court has discretion to grant, extend, or terminate an improvement period. West Virginia Code § 49-4-610(7) requires the termination of an improvement period "when the court finds that [a parent] has failed to fully participate in the terms of the improvement period." Additionally, we have long held that "[i]t is within the court's discretion . . . to terminate the improvement period . . . if the court is not satisfied that the [parent] is making the necessary progress." Syl. Pt. 2, in part, *In re Lacey P.*, 189 W.Va. 580, 433 S.E.2d 518 (1993).

In this case, the record on appeal clearly establishes that petitioner failed to fully participate in her improvement period. Undisputedly, during her improvement period, petitioner regularly failed to participate in court-ordered drug screens and tested positive for controlled substances, including amphetamines. As to her missed drug screens, petitioner claims that the DHHR scheduled those drug screens during her working hours. However, she fails to provide any citations to the record before us to support that claim. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that petitioner's brief "contain appropriate and specific citations to the record on appeal[.]" Having reviewed the record on appeal, we find no support for the argument that she missed all of her drug screens due to work. Moreover, petitioner's argument does not discount or explain why she tested positive for controlled substances during her improvement period. Given the facts of this case, we find that the circuit court acted within its discretion in terminating petitioner's improvement period.

Next, petitioner argues that the circuit court erred in terminating her parental rights to J.R. Petitioner asserts that her circumstances do not fit the statutory guidelines for termination of parental rights. She specifically states that her case does not meet the statutory definition for "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future." Petitioner claims that she was reasonably likely to substantially correct her abuse and neglect, but the circuit court terminated her improvement period and her parental rights too "hastily." We disagree.

Under West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(c)(3) provides that "no reasonable likelihood

that conditions of neglect or abuse can be substantially corrected" exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]" Despite petitioner's arguments, we find that she failed to follow through with her improvement period and failed to follow through with any rehabilitative efforts designed to correct her substance abuse problem. She missed drug screens; she continued to use controlled substances during her improvement period; and she did not provide the parties or circuit court with accurate information regarding her therapy and medical history. Further, we disagree with petitioner's statement, in passing, that termination was not in J.R.'s best interests. "We have repeatedly emphasized that children have a right to resolution of their life situations, to a basic level of nurturance, protection, and security, and to a permanent placement." *State ex rel. Amy M. v. Kaufman*, 196 W.Va. 251, 257-58, 470 S.E.2d 205, 210-11 (1996). Here, there is no question that petitioner abused and neglected J.R., and it is clear from the record on appeal that petitioner was then unsuccessful in her improvement period. Therefore, we find that termination was in J.R.'s best interests to resolve her life situation and achieve permanent placement in a nurturing and secure environment. As such, we find no error.

For these reasons, we find no error in the decision of the circuit court, and its January 12, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  September 5, 2017


**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker